MICHAEL J. MURPHY *vs.* HUBER-HODGMAN PRINTING PRESS COMPANY.

Bristol.   October 26, 1909. — November 23, 1909.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & SHELDON, JJ.

*Negligence,* Employer's liability.

In an action by a workman in a machine shop against his employer for personal injuries caused by the breaking of an iron bracket supporting the arm of a crane, there was evidence that the bracket broke because it was made of stove iron instead of being made of machinery iron, and the defendant relied on the defense that the bracket was bought from a reputable maker and that it was in design reasonably adapted to the use to which it was put. It appeared that the bracket was bought by the defendant from a certain corporation, that this corporation had "a first class reputation" in both machinery and stove plate castings, but that up to a certain date it had a stove plate foundry only, and after that date maintained also a machine shop. The evidence was conflicting as to whether the bracket was bought by the defendant before the date when the corporation's machine shop was established. *Held,* that it was for the jury to determine whether the bracket was cast by the corporation in question when it was operating a stove plate foundry only, and that, if the bracket was made at that time, the defense of purchase from a reputable dealer in cast iron machinery was not made out.

TORT for personal injuries sustained by the plaintiff on March 26, 1906, while in the employ of the defendant, the second count of the plaintiff's declaration, on which he relied, alleging that the defendant failed to furnish the plaintiff with

safe and suitable tools, machinery and appliances for his work. Writ dated January 9, 1907.

In the Superior Court the case was tried before *Harris,* J. The jury took a view of the premises. It appeared that, while the plaintiff was at work in the defendant's machine shop in hoisting a printing press bed, the upper bracket attached to the upright post of the crane broke, and that the arm of the crane, thus being unsupported, fell, and the end of it hit the plaintiff on the head. The weight of the printing press bed which was being hoisted was about twenty-seven hundred pounds.

At the close of the evidence the defendant asked the judge to rule that on the whole evidence the plaintiff was not entitled to recover, that there was no sufficient evidence to warrant a finding that the plaintiff was in the exercise of due care, and that there was no evidence of negligence on the part of the defendant. The judge refused to make any of these rulings, and submitted the case to the jury, who returned a verdict for the plaintiff in the sum of $5,000. The defendant alleged exceptions.

*D. F. Slade,* for the defendant.

*J. W. Cummings,* (*C. R. Cummings & J. B. Tracy* with him,) for the plaintiff.

LORING, J. There was evidence that the bracket which broke and injured the plaintiff was made of stove iron in place of machinery iron, and for that reason did not have the proper tensile strength.

The only point now insisted upon by the defendant is that this bracket was bought from a reputable maker, and that it was in design reasonably adapted for the use to which it was put.

To interrogatories filed by the plaintiff the treasurer of the defendant corporation answered that the bracket was cast for the defendant corporation by the White-Warner Company, "several months, probably a year or more" before the accident to the plaintiff. The accident to the plaintiff occurred on March 26, 1906. When put upon the witness stand the defendant's treasurer testified that the bracket was cast by the White-Warner Company and "had been up there over a year at the time of the accident." Later the defendant put one Dixon on the witness stand. He testified that he had been superintendent for the White-Warner Company since September, 1905, and

that that company had a stove plate foundry and also a machine shop. He then was asked what the reputation of that company was before September 14, 1903, and he answered that they had a first class reputation "since I have known them" in both machinery and stove plate castings. But in answer to the further question whether that company had two foundries in September, 1903, when the defendant company was equipped, he testified that at that time the White-Warner Company had a stove plate foundry only. Later the treasurer was recalled and testified that the bracket was cast in October, 1905, by the White-Warner Company at their machinery foundry, and that Dixon was the foreman of that foundry at the time. On cross-examination the treasurer testified that he had learned during the trial that if the bracket was made at the machinery foundry of the White-Warner Company it had to be made after September, 1905.

The plaintiff was recalled and testified that the bracket was put up "about a year before the accident."

In this state of the evidence it was for the jury to say whether the bracket was cast by the White-Warner Company when that company was operating a stove plate foundry only. If it was, the defense of purchase from a reputable dealer in cast iron machinery was not made out.

*Exceptions overruled.*